**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

          v.

PEDRO MENDOZA-ZARAGOZA,
          *Defendant-Appellant.*

No. 08-30130

D.C. No.
2:07-cr-06044-EFS-
1

OPINION

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Argued and Submitted
February 4, 2009—Seattle, Washington

Filed May 27, 2009

Before: Betty B. Fletcher, Pamela Ann Rymer and
Raymond C. Fisher, Circuit Judges.

Opinion by Judge Fisher

## COUNSEL

Rebecca L. Pennell, Assistant Federal Public Defender, Yakima, Washington, for the defendant-appellant.

James A. McDevitt, United States Attorney and Alexander C. Ekstrom (argued), Assistant United States Attorney, Yakima, Washington, for the plaintiff-appellee.

## OPINION

FISHER, Circuit Judge:

This appeal arises from an arguable ambiguity in our cases applying *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to indictments and sentences under 8 U.S.C. § 1326. We now eliminate that ambiguity, and clarify that an indictment charging the illegal reentry of a previously removed alien may support an increased maximum sentence under 8 U.S.C. § 1326(b)(2) — a sentence enhancement applicable to aliens removed after an aggravated felony conviction — even if it alleges the date of the prior removal without specifying the relative date of the prior conviction. The date of an alien's removal is the only fact "[o]ther than the fact of a prior conviction . . . that increases the penalty for [the] crime beyond the prescribed statutory maximum" of two years. *Apprendi*, 530 U.S. at 490. Therefore, with the removal date properly established, the district court may determine whether the prior felony conviction predated the defendant's removal. Accordingly, when the indictment alleges the removal date, a district court does not abuse its discretion by requiring the defendant to admit his removal date as the factual basis for a guilty plea to the indictment, as the district court required here.

## I.

Pedro Mendoza-Zaragoza was indicted under 8 U.S.C. § 1326 and charged with being an alien in the United States after deportation. Under § 1326(a), a removed alien who thereafter is found in the U.S. without the Attorney General's express consent is subject to a fine and a maximum term of

two years imprisonment. Section 1326(b), however, increases the maximum sentence to 20 years if the alien's removal "was subsequent to a conviction for commission of an aggravated felony." 8 U.S.C. § 1326(b)(2). Subsection (b) "is a penalty provision, which simply authorizes a court to increase the sentence for a recidivist" but "does not define a separate crime." *Almendarez-Torres v. United States*, 523 U.S. 224, 226 (1998); *see United States v. Pacheco-Zepeda*, 234 F.3d 411, 413-14 (9th Cir. 2000). It is undisputed that Mendoza-Zaragoza is such a recidivist, who was convicted of an aggravated felony in 1988.

Mendoza-Zaragoza's indictment alleged (1) his Mexican citizenship; (2) that he had been removed from the United States in January 2005 and July 1986; and (3) that he was thereafter found in the country without the permission of the Attorney General. The indictment did not, however, allege any prior felony convictions or that either of his removals followed a felony conviction. Mendoza-Zaragoza contends that a guilty plea to an indictment that alleges only a date of removal — as opposed to a *sequence* of felony conviction *followed by* removal — cannot support the 20-year maximum sentence under § 1326(b) without violating the rule of *Apprendi*.

Although he had no plea agreement, Mendoza-Zaragoza attempted to plead guilty to the charges as set forth in the indictment. During the plea colloquy required by Fed. R. Crim. P. 11(b), Mendoza-Zaragoza objected when the district court recited the maximum sentence allowed under § 1326 as 20 years, arguing that the indictment charged him only with a violation of § 1326(a) because the government failed to allege a temporal relationship between his felony conviction and removal. He further objected when the district court recited his removal dates on the record, contending the dates would be relevant only to whether he violated § 1326(b). Because the government had alleged facts sufficient to charge only a violation of § 1326(a), he argued, the district court

could not require him to admit any facts that would subject him to § 1326(b)'s sentence enhancement.

The district court considered whether an indictment must allege a sequence — i.e., that removal happened *after* the sentence-enhancing felony conviction — to invoke the 20-year maximum, or whether, as the government argued, an indictment need only allege a removal date. The court over-ruled Mendoza-Zaragoza's objection, finding our decision in *United States v. Salazar-Lopez*, 506 F.3d 748, 752 (9th Cir. 2007), dispositive. With the date of removal established by the plea, the district court reasoned, a qualifying felony con-viction and its date could be supplied at sentencing to justify the sentence enhancement. Nonetheless, when the court asked Mendoza-Zaragoza to admit the factual basis of his plea — including his removal dates — he again objected, so the court refused to accept his plea. Thereafter, Mendoza-Zaragoza agreed to a conditional guilty plea, under which he pled guilty to "illegal reentry in violation of 8 U.S.C. § 1326(b)," admit-ted his removal dates and reserved in writing the right to "ap-peal the district court's failure to take a guilty plea . . . to the crime charged in the indictment." The district court imposed a 72-month sentence, which Mendoza-Zaragoza challenges only insofar as it resulted from the district court's rejection of his guilty plea under § 1326(a). We review that rejection for abuse of discretion. *See In re Vasquez-Ramirez*, 443 F.3d 692, 700 (9th Cir. 2006) (citing *United States v. Maddox*, 48 F.3d 555, 556, 560 (D.C. Cir. 1995)). We have jurisdiction under 28 U.S.C. § 1291, and we affirm the sentence imposed.

## II.

## A.

**[1]** Under the familiar rule of *Apprendi*, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

*Apprendi*, 530 U.S. at 490. The government must charge these facts in the indictment as well. *See, e.g.*, *Salazar-Lopez*, 506 F.3d at 751-52. Applying this rule to the increased maximum in § 1326(b), we have held sentences constitutionally defective when the date of a defendant's removal was neither admitted by the defendant nor proved to a jury. *See United States v. Covian-Sandoval*, 462 F.3d 1090, 1097-98 (9th Cir. 2006). Extending the rule of *Covian-Sandoval* to the sufficiency of an indictment, we held in *Salazar-Lopez* that an enhanced sentence was defective because "the Government never alleged in the indictment that [the defendant] had been removed on a specific, post-conviction date." *Salazar-Lopez*, 506 F.3d at 751. The removal date is "necessary to determine whether the removal had *followed* the conviction in time." *Id.* (emphasis in original). As the district court here recognized, we held that *Apprendi* required "the date of removal, or at least the fact that Salazar-Lopez had been removed *after* his conviction" to appear in the indictment. *Id.* at 752 (emphasis in original). We further clarified this rule in *United States v. Calderon-Segura*, 512 F.3d 1104, 1111 (9th Cir. 2008), explaining that "[u]nder *Salazar-Lopez*, in order for a defendant to be eligible for an enhanced statutory maximum under § 1326(b), the indictment must allege, in addition to the facts of prior removal and subsequent reentry, either the date of the prior removal or that it occurred *after* a qualifying prior conviction." *Id.* (emphasis in original). These cases stated the rule in the disjunctive, requiring either the removal date or that it occurred after a qualifying felony conviction, which necessarily means an alleged removal date is alone sufficient to support a § 1326(b) sentence enhancement. *See id.*

**[2]** A possible ambiguity remains, however, at least enough to produce this appeal. In *Salazar-Lopez* and *Calderon-Segura*, the government alleged neither a date of removal nor a sequence of felony conviction followed by removal. Mendoza-Zaragoza's case is apparently the first to pose whether an allegation of removal dates without explicitly alleging the sequence satisfies *Apprendi*. We make explicit

what these cases clearly implied, and hold that an indictment will support the § 1326(b) sentence enhancement if it alleges a removal date, thus enabling a sentencing court to compare that date to the dates of any qualifying felony convictions to determine whether the sentence-enhancing sequence is satisfied.

## B.

Mendoza-Zaragoza argues that he was entitled to enter a "naked" guilty plea to the crime charged in the indictment. *See Vasquez-Ramirez*, 443 F.3d at 695-96, 700 (granting mandamus petition because district court refused to accept a guilty plea to § 1325 that met the requirements of Rule 11(b)). He reasons that if the indictment failed to allege the sentence-enhancing facts, he could plead guilty to a bare violation of § 1326(a) by "admitt[ing] that he is an alien, confirm[ing] that he had been previously deported, acknowledg[ing] that he reentered the United States, and conced[ing] that he did so without permission of the Attorney General." *United States v. Corona-Garcia*, 210 F.3d 973, 980 (9th Cir. 2000) (holding that "[n]o more is required" for a § 1326 conviction). Further, Mendoza-Zaragoza's proffered guilty plea would have admitted only the facts necessary for a bare conviction, even if other sentence-enhancing facts appeared in the indictment. *See United States v. Thomas*, 355 F.3d 1191, 1198 (9th Cir. 2004) (holding that a naked guilty plea to possession of cocaine base does not necessarily admit drug quantity alleged in the indictment as sentence-enhancing facts). Mendoza-Zaragoza would therefore have avoided admitting any sentence-enhancing facts, entitling him to a two-year maximum sentence.

Mendoza-Zaragoza's reasoning, however, rests upon his foundational contention that his indictment failed to allege necessary sentence-enhancing facts under § 1326(b). We reject that contention.

**[3]** In support of his position, Mendoza-Zaragoza argues that *Salazar-Lopez* requires § 1326 indictments to contain a temporal relationship between felony conviction and removal. If *Salazar-Lopez* required the government to allege a *sequence* of conviction date *and* removal date, Mendoza-Zaragoza's indictment would be defective for failure to allege a conviction date and we could then address his argument that he was entitled to plead guilty to § 1326 without admitting any sentence-enhancing facts. As discussed, however, we have not read the rule of *Salazar-Lopez* as Mendoza-Zaragoza urges. *See Calderon-Segura*, 512 F.3d at 1111. Although Mendoza-Zaragoza correctly identifies the ultimate sentence-enhancing fact as the sequence of conviction and removal, his argument fails to recognize that with the removal date established by the plea, a sentencing court can "determine whether the removal had *followed* the conviction in time." *Salazar-Lopez*, 506 F.3d at 751 (emphasis in original).

Perhaps more compellingly, Mendoza-Zaragoza cites *Garcia-Aguilar v. U.S. Dist. Ct. for S. Dist. of Cal.*, 535 F.3d 1021 (9th Cir. 2008), decided after the district court ruled here. In *Garcia-Aguilar*, defendants entered unconditional guilty pleas to indictments that "failed to allege . . . that they were previously removed from the country after being convicted of a felony." *Id.* at 1024. The government caught its mistake and convinced the district court to undo the guilty pleas so it could prosecute superseding indictments that properly alleged a sentence enhancement under § 1326(b). *See id.* at 1024-25. The defendants successfully petitioned for a writ of mandamus to enforce their original guilty pleas to § 1326(a). In discussing the government's original indictment errors, we explained that "[i]t should have been obvious to the U.S. Attorney that the *sequence* of a defendant's previous conviction and removal is a fact separate from the prior conviction itself, and must therefore be charged in the indictment and either proven at trial or admitted." *Id.* at 1024 (emphasis in original).

Building on *Garcia-Aguilar*, Mendoza-Zaragoza argues that if an indictment fails to allege a sequence of conviction and removal, a defendant has a right to enter a guilty plea under 8 U.S.C. § 1326(a) and be sentenced under that subsection's two-year maximum. *See also Vasquez-Ramirez*, 443 F.3d at 695-96 ("[A] court *must* accept an unconditional guilty plea, so long as the Rule 11(b) requirements are met.") (emphasis added). We do not read *Garcia-Aguilar* as supporting so broad a proposition.

**[4]** First, strictly speaking, we did not review the *Garcia-Aguilar* defendants' original indictments because the indictments themselves were not appealed. We decided only whether mandamus relief was warranted by a district court's failure to accept an unconditional guilty plea to an otherwise valid indictment under § 1326(a). Second, although we did not specifically discuss whether, as here, the faulty indictments alleged removal dates but not a sequence of conviction followed by removal, we did explain that the *Garcia-Aguilar* defendants' original indictments "did not charge *any conduct* that could increase the maximum penalty above two years." 535 F.3d at 1024 (emphasis added). Under *Salazar-Lopez* and *Calderon-Segura*, defendants' prior removal would be conduct that could increase the maximum penalty. *See Calderon-Segura*, 512 F.3d at 1111. Therefore, we did not squarely hold in *Garcia-Aguilar* that an indictment alleging only removal dates would violate *Apprendi*, because no such indictment was before us.[1] Nor did we squarely hold that a failure to allege the sequence of conviction followed by removal entitles a defendant to plead guilty to § 1326(a). The best reading

---

[1]In its petition for panel rehearing in *Garcia-Aguilar*, the government conceded that none of the *Garcia-Aguilar* defendants' original indictments alleged even a removal date, let alone a sequence. Appellee's Pet. for Reh'g at 2, *Garcia-Aguilar*, 535 F.3d 1021 (9th Cir. 2008) (Nos. 07-70293, 07-71177, 07-71408). Thus, even if we had squarely reviewed the adequacy of the indictments in *Garcia-Aguilar*, that case would not control because Mendoza-Zaragoza's indictment did allege prior removal dates.

of *Garcia-Aguilar* is that we left the rule from *Salazar-Lopez* exactly where we found it: an indictment will support a 20-year maximum sentence under § 1326(b) if it alleges a removal date, thus enabling a sentencing court to determine whether the conviction predated the defendant's removal to establish the necessary sequence.

**[5]** This rule follows smoothly from our holding in *United States v. Lopez*, 500 F.3d 840, 848 (9th Cir. 2007), *cert. denied*, 128 S. Ct. 950. There, the defendant admitted both the dates of his conviction and of his removal. We held the sentencing court did not violate *Apprendi* by sentencing the defendant under § 1326(b) because "the district court applied the established temporal sequence to enhance Lopez's sentence." *Id.* In other words, a guilty plea to the indictment can establish the removal date, and the only other fact needed to enhance the sentence is the date of the felony conviction, which is an express exception to the *Apprendi* rule. *See United States v. Grisel*, 488 F.3d 844, 847 (9th Cir. 2007) (en banc) (holding the date of a prior conviction is part of the "fact" of a prior conviction for *Apprendi* purposes because the date can be found on the document demonstrating the prior conviction). A sentencing court is plainly capable of comparing the dates to determine whether a defendant's removal was "subsequent to a conviction for commission of an aggravated felony." 8 U.S.C. § 1326(b)(2).

**[6]** Finally, we reject Mendoza-Zaragoza's assertion at oral argument that fairness requires the government to allege a sequence of conviction and removal so defendants know they are facing a much steeper sentence. As the facts of this case illustrate, the Rule 11 plea colloquy already puts a defendant on notice of the maximum sentence he or she will face. *See* Fed. R. Crim. P. 11(b)(1)(H) (requiring district court to inform defendant of any maximum possible penalty). Moreover, even if alleging a prior conviction would provide defendants with notice they otherwise might not have, we are not convinced that alleging a prior conviction is uniformly in

defendants' best interests. *See Almendarez-Torres*, 523 U.S. at 235 ("As this Court has long recognized, the introduction of evidence of a defendant's prior crimes risks significant prejudice.").

**[7]** Given the fact of Mendoza-Zaragoza's prior conviction, his indictment alleged facts (his removal dates) sufficient to support the sentence enhancement under § 1326(b). *See Calderon Segura*, 512 F.3d at 1111; *Salazar-Lopez*, 506 F.3d at 752. The district court was therefore within its discretion to require Mendoza-Zaragoza to admit his removal dates as part of the factual basis supporting his guilty plea to the indictment. *Cf. Vasquez-Ramirez*, 443 F.3d at 700.

**AFFIRMED.**