MEMORANDUM **
Salvador Andres-Morales appeals his conviction and sentence for illegal reentry after deportation. We affirm.
The district court did not abuse its discretion by refusing to accept Andres-Morales’s guilty plea. Although Andres-Morales’s version of events may have been sufficient to support a conviction, in light of his assertion that he crossed the border while unconscious and was attempting to leave the United States the entire time he was here, the district court did not abuse its discretion in determining that there was an insufficient factual basis for the plea. See Fed. R.Crim. Pro. 11(b)(3). Nor did the district court commit plain error by failing to raise the idea of an Alford plea. See North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).
*566 Andres-Morales contends that because his prior conviction was not alleged in the indictment and proven to a jury beyond a reasonable doubt that his sentence should not have been enhanced. Under our case law, however, it is clear that a “judge may enhance a sentence under § 1326(b) for a prior conviction even if the fact of the conviction was not charged in the indictment, submitted to a jury, or proved beyond a reasonable doubt.” United States v. Covian-Sandoval, 462 F.3d 1090, 1096 (9th Cir.2006). The district court did not err in enhancing Andres-Morales’s sentence based on his prior aggravated felony conviction. See United States v. Mendoza-Zaragoza, 567 F.3d 431, 433 (9th Cir.2009).
The district court did not clearly err in refusing to reduce Andres-Morales’s sentence for acceptance of responsibility. See United States v. Fleming, 215 F.3d 930, 939 (9th Cir.2000) (“We review for clear error a district court’s decision to deny a reduction for acceptance of responsibility.”) Andres-Morales initially admitted to a border patrol agent that he had intentionally entered the United States, but because he changed his story at trial and minimized his culpability, the district court had ample justification for refusing to grant the reduction. See United States v. Johal, 428 F.3d 823, 830 (9th Cir.2005). (“[T]he reduction is inappropriate where the defendant does not admit that he or she had the intent to commit the crime.”)
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.