MEMORANDUM **
Gerardo Garcia-Sanchez appeals from the 47-month sentence imposed following his guilty-plea conviction for illegal re-entry after deportation, in violation of 8 *427 U.S.C. § 1826. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
Garcia-Sanchez contends that after Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), is no longer good law. As Garcia-Sanchez concedes, this contention is foreclosed. United States v. Maciel-Vasquez, 458 F.3d 994, 995-96 (9th Cir.2006).
Garcia-Sanchez also contends that the district court erred when it found that his prior conviction qualified as an aggravated felony and when it determined that the prior conviction pre-dated his deportation. These contentions are foreclosed. See United States v. Covian-Sandoval, 462 F.3d 1090, 1096-97 (9th Cir.2006); United States v. Mendoza-Zaragoza, 567 F.3d 431, 434-37 (9th Cir.2009).
Finally, Garcia-Sanchez contends that, under the doctrine of constitutional avoidance, Almendarez-Torres should be construed to apply only to the bare fact of a prior conviction. This contention is foreclosed. See United States v. Grisel, 488 F.3d 844, 847 (9th Cir.2007) (en banc) (holding the date of a prior conviction is part of the “fact” of a prior conviction for Apprendi purposes).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.