MEMORANDUM **
Everardo Valenzuela-Ruiz appeals from the 77-month sentence imposed following his guilty-plea conviction for illegal re-entry following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
Valenzuela-Ruiz contends that the district court erred under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), by enhancing his sentence beyond the two year statutory maximum, because the temporal relationship between his removal(s) and his prior felony conviction was not alleged in the information nor admitted by him. Because the information alleged at least one date of removal which Ruiz admitted at the Rule 11 hearing, the district court’s determination that the removal was subsequent to a prior felony conviction did not violate Apprendi. See United States v. Mendoza-Zaragoza, 567 F.3d 431, 434 (9th Cir.2009).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provid *190 ed by 9th Cir. R. 36-3.