MEMORANDUM *
Ignacio Martinez-Quezada pleaded guilty to a violation of 8 U.S.C. § 1326 for reentry into the United States after a pri- or deportation. He appeals his sentence of forty months imprisonment and three years supervised release. This Court has jurisdiction under 28 U.S.C. § 1291. We affirm.
1. The district court did not commit error by enhancing the maximum term *224 of Martinez-Quezada’s sentence based on facts not adequately alleged in the indictment or proven beyond a reasonable doubt. See Apprendi v. New Jersey, 530 U.S. 466, 489, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). United States v. Mendoza-Zaragoza, 567 F.3d 431 (9th Cir.2009), held that “[a]n indictment will support the § 1326(b) sentence enhancement if it alleges a removal date, thus enabling a sentencing court to compare that date to the dates of any qualifying felony convictions to determine whether the sentence-enhancing sequence is satisfied.” Id. at 431. The indictment to which Martinez-Quezada pleaded guilty did allege removal dates. There was therefore no Apprendi error.
2. Contrary to Martinez-Quezada’s position, the district court did not commit any procedural errors in sentencing. Martinez-Quezada did not assert any such procedural errors before the district court, so we review for plain error. See United States v. Ameline, 409 F.3d 1073, 1078 (9th Cir.2005) (en bane).
A. The district court must “provide an attorney for the government an opportunity to speak equivalent to that of the defendant’s attorney” during sentencing. Fed. R.Crim.P. 32(i)(4)(A)(iii). In this case, the government’s counsel had recommended both in its sentencing brief and at the beginning of the sentencing hearing a sentence within the suggested Guidelines range.
The prosecution did not rise to speak or otherwise indicate a need to reiterate the government’s views. Martinez-Quezada has not demonstrated “a reasonable probability that he would have received a different sentence” had the court given the prosecutor an express invitation to be heard again, Ameline, 409 F.3d at 1078, and so has not shown that the court’s error, if any, affected his substantial rights. See United States v. Waknine, 543 F.3d 546, 553 (9th Cir.2008). Government counsel did not seek to comment on the district court’s suggestion that it might depart from the range, although there is no reason to think he could not have done so. Moreover, the district court was quite aware of the government’s recommendation: It rejected as unsatisfactory “reasons that were argued to me for staying within the guideline or going below,” yet the government was the only party that recommended a within-Guideline sentence.
B. The district court did not improperly determine the applicable Guidelines sentence, nor was it improperly influenced by what it perceived to be a lenient sentence in Martinez-Quezada’s 2005 Seattle prosecution.
A district court must begin by determining the appropriate Guidelines range applicable to a defendant’s sentence. United States v. Carty, 520 F.3d 984, 991 (9th Cir.2008) (en banc). While the district judge stated that it was possible a 16-level enhancement could have applied in this proceeding, he expressly approved and applied the Presentence Report’s recommendation that the defendant’s. 1994 felony firearm conviction was not an aggravated felony, so no 16-level enhancement applied. The district judge therefore properly determined the applicable Guidelines range.
A district court also commits procedural error if it “choose[s] a sentence based on clearly erroneous facts.” Id. at 993 (citing Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007)). Martinez-Quezada has not shown that the district court relied on any erroneous facts when fashioning his present sentence. The court referred to the Seattle conviction when it initially warned defense counsel that it might impose a sentence above the Guidelines range and *225 again while explaining its reasons for imposing a sentence above the Guidelines range. Read in context, however, the statements indicate concerns that the Seattle conviction was part of a lengthy criminal history and that Martinez-Quezada’s prior punishment in Seattle had not deterred him from the later violation, not a determination that Martinez-Quezada had been treated with undue lenience in Seattle.
C. The district court adequately considered the need to avoid unwarranted sentencing disparities in its review of the § 3553 sentencing factors.[1] “The district court need not tick off each of the § 3553(a) factors to show that it has considered them.” United States v. Carty, 520 F.3d 984, 992 (9th Cir.2008) (en banc). The judge heard argument from MartinezQuezada’s counsel that above-Guideline sentences are rare in “alien cases.” The judge also referred to the § 3553(a) factors and stated that he had considered the arguments made to him “about motivation to return and any other of the specific factors that would have been departures under prior law.” See United States v. Vasquez-Landaver, 527 F.3d 798, 804-05 (9th Cir.2008) (noting that the district court was not “required to explicitly mention the types of sentences received by otherwise similarly situated defendants who pleaded guilty,” and holding that a sentence resulting from a jury trial in a § 1326 case was reasonable).
3. Finally, Martinez-Quezada challenges the substantive reasonableness of his sentence, which we review for an abuse of discretion. United States v. Autery, 555 F.3d 864, 871 (9th Cir.2009). We reject this challenge. The district court explicitly recognized its obligation to impose a sentence that was sufficient but not greater than necessary to fulfill the purposes of § 3553(a): The court stated that it had considered and rejected arguments for a sentence below or within the Sentencing Guidelines and offered several reasons for exceeding the Guidelines range, including that Martinez-Quezada was likely to return to the United States despite his many deportations, had a lengthy criminal history, and showed a lack of respect for the law and the courts as demonstrated by repeated failures to appear and outstanding warrants. Considering the “totality of the circumstances,” Canty, 520 F.3d at 993 (citing Gall, 128 S.Ct. at 597), the district court did not abuse its discretion in imposing Martinez-Quezada’s sentence.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Martinez-Quezada's related argument that the district judge should have considered an upward departure from the criminal history category before imposing an above-Guideline variance also fails. Post-Booker, this Court “treat[s] the scheme of downward and upward 'departures’ as essentially replaced by the requirement that judges impose a ‘reasonable’ sentence.” United States v. Mohamed, 459 F.3d 979, 987 (9th Cir.2006). A district court's "decision to sentence outside of the applicable guidelines range is subject to a unitary review for reasonableness, no matter how the district court styles its sentencing decision.” Id. The district court was therefore free to impose an upward variance without first considering a departure, so long as it arrived at a reasonable result.