MEMORANDUM *
Defendant-Appellant Miguel AlvarezAdame appeals his conviction for reentering the United States after removal in violation of 8 U.S.C. § 1326(a), and the sentence enhancement imposed for having been removed subsequent to a felony conviction under § 1326(b).[1] We have jurisdiction under 28 U.S.C. § 1291, and affirm the conviction, vacate the sentence, and remand for resentencing.
Alvarez-Adame raises five claims of error. First, he argues that the district court was required to dismiss the indictment because it did not state the precise date of a prior deportation or conviction. The indictment alleged that AlvarezAdame was “removed from the United States subsequent to May 22, 1997.” An indictment is sufficient to support both a charge and sentence enhancement under § 1326 if it “alleges a removal date, thus enabling the sentencing court to compare that date to the dates of any qualifying felony convictions to determine whether *171 the sentence-enhancing sequence is satisfied.” United States v. Mendoza-Zaragoza, 567 F.3d 431, 434 (9th Cir.2009). There was no structural error in the indictment because the May 22, 1997, date permitted the district court to make the required comparison.
We address, second, AlvarezAdame’s collateral attack on his prior deportation. He argues that the indictment should have been dismissed because the 1989 deportation order, which formed the basis for later removals, was constitutionally defective. At his 1989 removal hearing, the immigration judge incorrectly told AlvareznAdame that he was ineligible for any form of relief, when in fact he was statutorily eligible for relief under the former Immigration and Nationality Act § 212(c). See 8 U.S.C. § 1182(c) (1988). Even assuming that this misinformation violated due process, Alvarez-Adame still cannot demonstrate prejudice as required for a successful collateral attack. See United States v. Ubaldo-Figueroa, 364 F.3d 1042, 1047-48 (9th Cir.2004). In order to have qualified for a discretionary § 212(c) waiver in 1989, Alvarez-Adame would have needed to show “unusual and outstanding equities” because of his criminal history. United States v. Gonzalez-Valerio, 342 F.3d 1051, 1056-57 (9th Cir.2003); In re Marin, 16 I. & N. Dec. 581, 586 n. 4 (BIA 1978). By 1989, AlvarezAdame had eleven criminal convictions, including assault with a deadly weapon and forcible rape. Although Alvarez-Adame had lived in the United States for many years and had close family here, those equities could not overcome his history of persistent and serious crime. See Gonzalez-Valerio, 342 F.3d at 1057. Because Alvarez-Adame cannot show plausible grounds for a § 212(c) waiver, no prejudice resulted from the alleged due process violation and the district court did not err in denying Alvarez-Adame’s motion to dismiss the indictment.
We address, third, the claim by Alvarez-Adame that the district court incorrectly imposed a sixteen-level increase in the base offense score under U.S. Sentencing Guidelines section 2L1.2(b)(l)(A). That upward adjustment applies where a defendant was deported following a drug-trafficking conviction with a sentence of at least thirteen months. In 1987, AlvarezAdame was sentenced to three years imprisonment following his guilty plea to conspiring to possess a controlled substance with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846. The judgment and commitment—which explicitly incorporated the indictment—was before the district court at sentencing and the court properly imposed the sixteen-level adjustment. See U.S.S.G. § 2L1.2 cmt. n. 5; United States v. Morales-Perez, 467 F.3d 1219, 1222 (9th Cir.2006).
Fourth, Alvarez-Adame argues that the district court improperly declined to find that he had accepted responsibility and was entitled to a two-level base offense reduction under U.S.S.G. § 3El.l(a). He claims that the district court denied the downward adjustment because he exercised his constitutional right to a trial, and because the court wrongly believed that he lied about not having been advised about the possibility of § 212(c) relief during his 1989 deportation hearing. These claims are not supported by the record. The district court judge explained that he declined to find acceptance of responsibility because Alvarez-Adame lied about not having been advised of his appellate rights, and the sentencing transcript contains the district court’s finding that Alvarez-Adame affirmatively misled the court on this issue. The district court did not commit clear error in finding that Alvarez-Adame gave *172 intentionally-misleading testimony, and did not err in denying the acceptance-of-responsibility adjustment. See United States v. Bazuaye, 240 F.3d 861, 863 (9th Cir.2001).[2]
Finally, Alvarez-Adame argues that the district court violated Rule 32 of the Federal Rules of Criminal Procedure by not ruling on his objections to the calculation of his criminal history score in the Criminal History Report. Where a defendant disputes a matter that impacts sentencing, Rule 32 requires the district court either to rule on the dispute or to determine that the contested matter will not be considered in sentencing. Fed.R.Crim.P. 32(i)(3)(B). Here, the district court did not rule on the specific objections raised by Alvarezr-Adame, but did conclude that his fourteen prior convictions constituted a “horrible record” sufficient to place Alvarez-Adame in Criminal History Category VI — the highest category.
The district court’s conclusion about Alvarez-Adame’s record is understandable, but our precedents mandate strict compliance with Rule 32. United States v. Houston, 217 F.3d 1204, 1208 (9th Cir.2000) (citing United States v. Femandez-Angulo, 897 F.2d 1514, 1516 (9th Cir.1990) (en banc)). In his sentencing memorandum, Alvarez-Adame objected to having his 1982 marijuana-possession conviction counted toward his criminal history score. That conviction contributed three points toward Alvarez-Adame’s thirteen-point total, placing him in Criminal History Category VI. Without those three points, his criminal history score would drop to ten, a score falling within Criminal History Category V. This decrease would correspondingly reduce the starting Guideline range from 100-125 months to 92-115 months.
Because the sentencing court’s first obligation is to make the Guideline calculation correctly, a failure to follow Rule 32 and ensure a correct calculation is generally considered reversible error. See Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 596, 169 L.Ed.2d 445 (2007); United States v. Carty, 520 F.3d 984, 991 (9th Cir.2008) (en banc). In this case, the error was not harmless because it potentially affected the Guideline range, and a remand for resentencing is therefore required.[3]
The judgment of conviction is AFFIRMED, the sentence VACATED, and the case REMANDED to the district court for resentencing.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. The relevant facts are known to the parties, and will not be recited except as necessary to understand our disposition.

. Because Alvarez-Adame was not entitled to a base-level decrease under U.S.S.G. § 3El.l(a), we do not reach his argument that he was entitled to an additional one-point decrease under U.S.S.G. § 3El.l(b).

. We are aware that the actual sentence imposed, 110 months, falls within the Guideline range whether Alvarez-Adame belongs in Criminal History Category V or VI. Although we have some concern that the district court might have sentenced at the same level irrespective of the correct Guidelines range, thereby making it a waste of judicial resources to require resentencing, we will not speculate about what the district court would have done if it had resolved the objection pursuant to Rule 32.