UNITED STATES of America, Plaintiff–Appellee,

v.

Arturo MONTES–AVILES, Defendant–Appellant.

No. 07–50420.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Oct. 7, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Arnold Dale Blankenship, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Daniel Casillas, Esquire, Law Offices of Daniel Casillas, San Diego, CA, for Defendant–Appellant.

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

MEMORANDUM **

Arturo Montes–Aviles appeals the 63–month sentence imposed following his guilty-plea conviction for attempted illegal entry after deportation, in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm, but remand to correct the judgment.

Montes–Aviles contends that the district court violated his Sixth Amendment rights by enhancing his sentence sixteen levels based on facts neither admitted by Montes–Aviles nor alleged in the indictment. These contentions lack merit. *See*

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*United States v. Mendoza–Zaragoza,* 567 F.3d 431, 432 (9th Cir.2009); *United States v. Grisel,* 488 F.3d 844, 847 (9th Cir.2007) (en banc) (holding that date of prior conviction is part of "fact" of prior conviction for purposes of *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998)).

Nor did the district court commit Sixth Amendment error in calculating Montes–Aviles's criminal history points. *See United States v. Hernandez–Castro,* 473 F.3d 1004, 1007 (9th Cir.2007).

Montes–Aviles further contends that the district court procedurally erred by failing to consider the sentencing factors of 18 U.S.C. § 3553(a) and failing adequately to explain the sentence. The record reflects that the district court did not procedurally err. *See United States v. Carty,* 520 F.3d 984, 991–93 (9th Cir.2008) (en banc).

Montes–Aviles also contends that his sentence is substantively unreasonable. The sentence is reasonable in light of the totality of the circumstances and the sentencing factors of 18 U.S.C. § 3553(a). *See Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).

In accordance with *United States v. Rivera–Sanchez,* 222 F.3d 1057, 1062 (9th Cir. 2000) we remand the case to the district court with instructions that it delete from the judgment the reference to 8 U.S.C. § 1326(b). *See United States v. Herrera–Blanco,* 232 F.3d 715, 719 (9th Cir.2000) (remanding sua sponte to delete reference to § 1326(b)).

**AFFIRMED; REMANDED** with instruction to correct the judgment.