MEMORANDUM **
Arturo Montes-Aviles appeals the 63-month sentence imposed following his guilty-plea conviction for attempted illegal entry after deportation, in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm, but remand to correct the judgment.
Montes-Aviles contends that the district court violated his Sixth Amendment rights by enhancing his sentence sixteen levels based on facts neither admitted by Montes-Aviles nor alleged in the indictment. These contentions lack merit. See *245 United States v. Mendoza-Zaragoza, 567 F.3d 431, 432 (9th Cir.2009); United States v. Grisel, 488 F.3d 844, 847 (9th Cir.2007) (en banc) (holding that date of prior conviction is part of “fact” of prior conviction for purposes of Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998)).
Nor did the district court commit Sixth Amendment error in calculating Montes-Aviles’s criminal history points. See United States v. Hernandez-Castro, 473 F.3d 1004, 1007 (9th Cir.2007).
Montes-Aviles further contends that the district court procedurally erred by failing to consider the sentencing factors of 18 U.S.C. § 3553(a) and failing adequately to explain the sentence. The record reflects that the district court did not procedurally err. See United States v. Carty, 520 F.3d 984, 991-93 (9th Cir.2008) (en banc).
Montes-Aviles also contends that his sentence is substantively unreasonable. The sentence is reasonable in light of the totality of the circumstances and the sentencing factors of 18 U.S.C. § 3553(a). See Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).
In accordance with United States v. Rivera-Sanchez, 222 F.3d 1057, 1062 (9th Cir.2000) we remand the case to the district court with instructions that it delete from the judgment the reference to 8 U.S.C. § 1326(b). See United States v. Herrera-Bianco, 232 F.3d 715, 719 (9th Cir.2000) (remanding sua sponte to delete reference to § 1326(b)).
AFFIRMED; REMANDED with instruction to correct the judgment.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.