**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Hector HERNANDEZ–ORTIZ,**
**Defendant–Appellant.**

No. 08–10564.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Oct. 13, 2009.

Jeffrey Schenk, Assistant U.S. Attorney, Office of the U.S. Attorney, San Jose, CA, Barbara Valliere, Assistant U.S. Attorney, Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Manuel Urquidez Araujo, Assistant Federal Public Defender, FPDCA–Federal Public Defender's Office, San Jose, CA, for Defendant–Appellant.

Before: SILVERMAN, RAWLINSON and CLIFTON, Circuit Judges.

MEMORANDUM **

Hector Hernandez–Ortiz appeals from the 42–month sentence imposed following his guilty-plea conviction for being found in the United States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Hernandez–Ortiz contends the district court erred under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), by enhancing his sentence beyond the two-year statutory maximum, because the information did not allege and he did not admit the temporal relationship between his removals and prior conviction. Because the information al-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

leged two dates of removal which Hernandez–Ortiz admitted at the plea hearing, his contention is foreclosed by *United States v. Mendoza–Zaragoza,* 567 F.3d 431, 432 (9th Cir.2009) (holding that indictment charging illegal reentry may support § 1326(b)(2) sentencing enhancement even if it alleges removal date without specifying relative date of prior conviction).

**AFFIRMED.**