MEMORANDUM **
Victor Angel Sanchez-Calle appeals from the 27-month sentence imposed following his guilty-plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
Sanchez-Calle contends the district court violated Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), by enhancing his sentence beyond the two-year statutory maximum because the temporal relationship between his pri- or removal(s) and his prior felony conviction was not alleged in the indictment, admitted by him, or proved beyond a reasonable doubt. Because the indictment alleged at least one date of removal which Sanchez-Calle admitted at the Rule 11 hearing, the district court’s determination that the removal took place subsequent to a prior felony conviction did not violate Apprendi. See United States v. Mendoza-Zaragoza, 567 F.3d 431, 434 (9th Cir.2009); see also United States v. Beltran-Munguia, 489 F.3d 1042, 1053 (9th Cir.2007).
Sanchez-Calle also contends that we should apply the the doctrine of constitutional avoidance to limit the holding of Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). This contention is foreclosed by United States v. Grisel, 488 F.3d 844, 846-47 (9th Cir.2007) (en banc).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.