NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10086 |
| Plaintiff - Appellee, | D.C. No. 5:08-CR-00337-RMW-1 |
| v. | |
| LUIS REBOLLA-SANCHEZ, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, District Judge, Presiding

Submitted December 7, 2009[**]
San Francisco, California

Before: O'SCANNLAIN, RAWLINSON, and BEA, Circuit Judges.

Appellant Luis Rebolla-Sanchez appeals his sentence of sixty-five months'

imprisonment after he pleaded guilty to illegal reentry by a deported alien in

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]       The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

violation of 8 U.S.C. § 1326. The maximum statutory penalty for a violation of § 1326 is two years' imprisonment, unless a sentencing enhancement applies. 8 U.S.C. § 1326(a), (b). A sentencing enhancement applies when an alien was deported *subsequent to* an aggravated felony conviction; the maximum statutory penalty increases to twenty years. *Id.* § 1326(b)(2). We affirm the sentence imposed by the district court.

The district court committed no *Apprendi* error when it held the applicable statutory maximum penalty for Sanchez was twenty years' imprisonment under 8 U.S.C. § 1326(b)(2), as opposed to two years' imprisonment under § 1326(a), because Rebolla-Sanchez admitted the dates he had been previously deported, and these dates were charged in the indictment. We have recently held "an indictment will support the § 1326(b) sentence enhancement if it alleges a removal date, thus enabling a sentencing court to compare that date to the dates of any qualifying felony convictions to determine whether the sentence-enhancing sequence is satisfied." *United States v. Mendoza-Zaragoza*, 567 F.3d 431, 434 (9th Cir. 2009). So long as the dates of removal are admitted by the defendant, as Rebolla-Sanchez did here, there is no *Apprendi* error in applying the § 1326(b)(2) enhancement, because "the only other fact necessary to enhance the sentence is the date of the felony conviction, which is an express exception to the *Apprendi* rule." *Id.* at 436.

2

Although the district court committed plain error when it determined Rebolla-Sanchez's prior felony conviction was a qualifying conviction for the purposes of sentence enhancement without examining the statute on which the conviction was based, the error did not affect Rebolla-Sanchez's substantial rights because the outcome could not have changed had the district court examined the statute.[1] *See United States v. Pimentel-Flores*, 339 F.3d 959, 967 (9th Cir. 2003). This court has already held that a violation of the statute on which Rebolla-Sanchez was convicted, California Penal Code § 245(a)(1), categorically qualifies as an aggravated felony and a crime of violence. *Ortiz-Magana v. Mukasey*, 542 F.3d 653, 661 (9th Cir. 2008). Therefore, had the district court examined Rebolla-Sanchez's statute of conviction, it would have been bound by this precedent to come to the same conclusion it already reached.

Because remand to the district court to examine the statute underlying Rebolla-Sanchez's felony conviction would only "be delay[ing] the inevitable," we grant the government's motion for judicial notice and affirm Rebolla-Sanchez's sentence. *See United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007).

---

[1] Plain error review, rather than harmless error review applies to this claim because Rebolla-Sanchez did not raise the issue before the district court. *See United States v. Charles*, 581 F.3d 927, 932 (9th Cir. 2009) (holding that plain error review applies when a party fails to raise a claim before the district court).

**AFFIRMED.**