**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10371 |
| Plaintiff - Appellee, | D.C. No. 5:07-cr-00503-RMW-1 |
| v. | |
| ARQUIMEDES MENDOZA-SORIANO, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, District Judge, Presiding

Argued and Submitted December 7, 2009
San Francisco, California

Before: O'SCANNLAIN, RAWLINSON, and BEA, Circuit Judges.

Appellant Arquimedes Mendoza-Soriano appeals his sentence of seventy

months' imprisonment imposed by the district court following his plea of guilty to

illegal reentry by a deported alien in violation of 8 U.S.C. § 1326. The maximum

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1

statutory penalty for a violation of § 1326 is two years' imprisonment, unless a sentence enhancement applies. 8 U.S.C. § 1326(a), (b). A sentence enhancement applies when an alien was deported subsequent to an aggravated felony conviction; the maximum statutory penalty increases to twenty years' imprisonment. *Id.* § 1326(b)(2). We affirm the sentence imposed by the district court.

On appeal, Mendoza-Soriano makes two different claims as to why the district court erred when it applied a § 1326(b) sentence enhancement: (1) the government failed to allege in the indictment and prove to a jury beyond a reasonable doubt that at least one of his deportations was subsequent to an aggravated felony conviction; and (2) he did not admit to the deportation dates alleged in the indictment. Mendoza-Soriano raised the former claim, but not the latter, before the district court.

Mendoza-Soriano contends the government was required to allege in the indictment and prove to a jury beyond a reasonable doubt that at least one of his deportations was subsequent to an aggravated felony conviction. This claim is foreclosed by our recent decision in *United States v. Mendoza-Zaragoza*, 567 F.3d 431, 434 (9th Cir. 2009), which held that "an indictment will support [a] § 1326(b) sentence enhancement if it alleges a removal date, thus enabling the sentencing court to compare that date to the dates of any qualifying felony convictions to

2

determine whether the sentence-enhancing sequence is satisfied." *Id.* Thus, the district court did not err when it applied a § 1326(b) sentence enhancement even though the government did not allege that at least one of Mendoza-Soriano's deportations was subsequent to an aggravated felony conviction.

Mendoza-Soriano correctly contends he did not admit the deportation dates alleged in the indictment. A guilty plea "admit[s] only the facts necessary for a bare conviction, even if other sentence-enhancing facts appeared in the indictment." *Mendoza-Zaragoza*, 567 F.3d at 435 (citing *United States v. Thomas*, 355 F.3d 1191, 1198 (9th Cir. 2004)). Mendoza-Soriano's guilty plea admitted only the facts necessary to sustain a bare conviction under § 1326: (1) he was an alien, (2) he had been previously deported, (3) he reentered the United States without permission, and (4) he was found in the United States. *See* 8 U.S.C. § 1326. His guilty plea did not admit the dates of his deportations—facts necessary to support a § 1326(b) sentence enhancement. Thus, the district court committed *Apprendi* error when it applied a § 1326(b) sentence enhancement based on the deportation dates alleged in the indictment because those dates were not admitted by Mendoza-Soriano, nor proved to a jury beyond a reasonable doubt. *See United States v. Covian-Sandoval*, 462 F.3d 1090, 1096 (9th Cir. 2006).

Plain error review, rather than harmless error review, applies. The objection Mendoza-Soriano raised before the district court as to the inadequacy of the indictment—that it failed to *allege* he was deported subsequent to an aggravated felony conviction—did not preserve his claim on appeal: that he did not *admit* the deportation dates in his guilty plea. *See United States v. Charles*, 581 F.3d 927, 932 (9th Cir. 2009) (holding that plain error review applies when a party fails to preserve a claim for appeal by raising the claim before the district court). Here, the district court committed plain error, but relief is not warranted because that error did not affect Mendoza-Soriano's substantial rights. *See Covian-Sandoval*, 462 F.3d at 1097–98. On appeal, Mendoza-Soriano failed to raise a reasonable doubt as to the fact he was deported subsequent to an aggravated felony conviction. He did not dispute the accuracy of the alleged deportation dates during the plea colloquy, in his sentencing memorandum, nor at his sentencing hearing. Thus, we must affirm the sentence imposed by the district court.

**AFFIRMED.**