**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 07-50263 |
| Plaintiff - Appellee, | D.C. No. CR-06-00122-BTM |
| v. | |
| ELIAS SOULAS-GARZA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, District Judge, Presiding

Argued and Submitted January 13, 2010
Pasadena, California

Before: GOODWIN, CANBY and FISHER, Circuit Judges.

Elias Soulas-Garza appeals his seventy-month sentence for being a deported

alien found in the United States in violation of 8 U.S.C. § 1326. We review de

novo the district court's interpretation and application of the Sentencing

Guidelines. *United States v. Medina-Villa*, 567 F.3d 507, 511 (9th Cir. 2009).

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Where the district court commits error under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and the error is properly preserved, we review for harmless error. *United States v. Zepeda-Martinez*, 470 F.3d 909, 910 (9th Cir. 2006). We affirm.

Soulas-Garza contends, first, that his prior conviction under California Penal Code § 261.5(d) does not constitute a "crime of violence" for purposes of sentencing enhancement. We have previously held, however, that California Penal Code § 261.5(d) meets the federal generic definition of "statutory rape" and is therefore a crime of violence. *United States v. Gomez-Mendez*, 486 F.3d 599, 603 (9th Cir. 2007). The district court therefore did not err in applying a sixteen-level increase in offense level under U.S.S.G. § 2L1.2(b)(1)(A).

Soulas-Garza also argues that the district court erred in increasing the statutory maximum under 8 U.S.C. § 1326(b)(2) because the indictment failed to allege his date of removal. The Supreme Court has held that § 1326(b)(2) constitutes a "penalty provision" rather than a separate crime and that a judge may therefore enhance a sentence for a prior conviction even if the fact of the conviction was not alleged in the indictment or proven beyond a reasonable doubt. *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998); *see also United States v. Weiland*, 420 F.3d 1062, 1079 n.16 (9th Cir. 2005) (noting that we are bound by *Almendarez-Torres*, although subsequent case law calls it into question,

2

unless the Supreme Court explicitly overrules it). Failure to allege either the date of the prior removal or that it occurred after a qualifying prior conviction, however, constitutes error under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See United States v. Mendoza-Zaragoza*, 567 F.3d 431, 434 (9th Cir. 2009). Although, as the government concedes, its failure to allege either the date of removal or that the removal occurred after the prior conviction therefore constitutes error, "the record contains 'overwhelming' and 'uncontroverted' evidence" that Soulas-Garza was deported subsequent to the qualifying felony conviction. *Zepeda-Martinez*, 470 F.3d at 913 (citation omitted). The error is therefore harmless.

AFFIRMED.