**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Mario   VALENZUELA–MORALES,**
**a.k.a.   Mario   Higuera–Valenzuela,**
**a.k.a. Martin Valenzuela Verdugo, Defendant–Appellant.**

**No. 13–10157.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 18, 2014.*

Filed Feb. 26, 2014.

Mark J. Wenker, USPX–Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Daniel Robert Drake, Drake Law, PLC, Phoenix, AZ, for Defendant–Appellant.

Before: ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

MEMORANDUM ***

Mario Valenzuela–Morales appeals from the district court's judgment and challenges the 46–month custodial sentence and three-year term of supervised release imposed following his guilty-plea conviction for reentry of a removed alien, in violation of 8 U.S.C. § 1326. We have

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Valenzuela–Morales contends that the district court erred by failing to consider the 18 U.S.C. § 3553(a) sentencing factors and his mitigation arguments and by failing to explain adequately the reasons for the custodial sentence and supervised-release term. We review for plain error, *see United States v. Valencia–Barragan*, 608 F.3d 1103, 1108 (9th Cir.2010), and find none. The record reflects that the district court properly considered the section 3553(a) factors, adequately addressed Valenzuela–Morales's mitigation arguments, and provided sufficient reasons for the sentence. *See United States v. Carty*, 520 F.3d 984, 992–93 (9th Cir.2008) (en banc). Moreover, the district court's reasoning for imposing the supervised-release term is apparent from the record. *See id.* at 992 ("[A]dequate explanation in some cases may also be inferred from the PSR or the record as a whole.").

Valenzuela–Morales also contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Valenzuela–Morales's sentence. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The custodial sentence and supervised-release term are substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including Valenzuela–Morales's criminal and immigration history. *See id.;* U.S.S.G. § 5D1.1 cmt. n. 5.

Finally, Valenzuela–Morales contends that the indictment was defective because it did not allege his predicate conviction. Our case law forecloses this contention.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument.

*See United States v. Mendoza–Zaragoza*, 567 F.3d 431, 434 (9th Cir.2009).

**AFFIRMED.**