
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>MARIO VALENZUELA-MORALES,<br>a.k.a. Mario Higuera-Valenzuela, a.k.a.<br>Martin Valenzuela Verdugo,<br><br>Defendant - Appellant. | No. 13-10157<br><br>D.C. No. 2:12-cr-01961-GMS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Karen E. Schreier, District Judge, Presiding[**]

Submitted February 18, 2014[***]

Before:    ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Mario Valenzuela-Morales appeals from the district court's judgment and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Karen E. Schreier, United States District Court for the District of South Dakota, sitting by designation.

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

challenges the 46-month custodial sentence and three-year term of supervised release imposed following his guilty-plea conviction for reentry of a removed alien, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Valenzuela-Morales contends that the district court erred by failing to consider the 18 U.S.C. § 3553(a) sentencing factors and his mitigation arguments and by failing to explain adequately the reasons for the custodial sentence and supervised-release term. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the district court properly considered the section 3553(a) factors, adequately addressed Valenzuela-Morales's mitigation arguments, and provided sufficient reasons for the sentence. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc). Moreover, the district court's reasoning for imposing the supervised-release term is apparent from the record. *See id.* at 992 ("[A]dequate explanation in some cases may also be inferred from the PSR or the record as a whole.").

Valenzuela-Morales also contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Valenzuela-Morales's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

The custodial sentence and supervised-release term are substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including Valenzuela-Morales's criminal and immigration history. *See id.*; U.S.S.G. § 5D1.1 cmt. n.5.

Finally, Valenzuela-Morales contends that the indictment was defective because it did not allege his predicate conviction. Our case law forecloses this contention. *See United States v. Mendoza-Zaragoza*, 567 F.3d 431, 434 (9th Cir. 2009).

**AFFIRMED.**

13-10157